

1  SHARTSIS FRIESE LLP
   JOSEPH V. MAUCH (Bar #253693)
2  jmauch@sflaw.com
   One Maritime Plaza, Eighteenth Floor
3  San Francisco, CA 94111-3598
   Telephone:   (415) 421-6500
4  Facsimile:   (415) 421-2922
   email: jmauch@sflaw.com
5
   Local Counsel for Marcos Tzannes
6
   PETER J. MCANDREWS
7  MCANDREWS, HELD & MALLOY, LTD.
   500 West Madison Street, 34th Floor
8  Chicago, Illinois 60661
   Telephone:   (312) 775-8000
9  Facsimile:   (312) 775-8100
   email: pmcandrews@mcandrews-ip.com
10
   Attorneys for Marcos Tzannes
11



12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    NORTHERN DIVISION

15  INTELLECTUAL VENTURES II LLC,    CV 16   Case No. 80156 MISC

16          Plaintiff,                [Action Pending in the United States District
                                      Court for the Western District of Texas, C.A.
17       v.                           No. 1:13-cv-116-LY]

18  AT&T CORP. (d/b/a AT&T ADVANCED
    SOLUTIONS, d/b/a SBC ADVANCED     **NON-PARTY MARCOS TZANNES'S
19  SOLUTIONS); AT&T COMMUNICATIONS   NOTICE OF MOTION AND MOTION TO
    OF TEXAS, LLC; AT&T OPERATIONS,   QUASH DEPOSITION SUBPOENA; AND
20  INC.; AT&T SERVICES, INC.; AT&T   MEMORANDUM OF POINTS AND
    VIDEO SERVICES, INC.; SBC INTERNET AUTHORITIES IN SUPPORT THEREOF**
21  SERVICES, INC. (d/b/a PACIFIC BELL
    INTERNET SERVICES); and
22  SOUTHWESTERN BELL TELEPHONE
    CO.,
23
            Defendants.
24

25

26

27

28  | Case No. | NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO
    |          | QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND
    |          | AUTHORITIES IN SUPPORT THEREOF



TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, as soon as counsel may be heard before the assigned judge at the assigned time in the assigned department, Non-Party Marcos Tzannes, an individual and resident of Petaluma, California, will and hereby does move, pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure, for an order (1) quashing a subpoena for deposition served by AT&T Corp. and other related entities (collectively, "AT&T") or (2), in the alternative, requiring AT&T to reimburse Mr. Tzannes for lost earnings associated with attending the deposition.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declarations of Peter McAndrews and Marcos Tzannes, submitted concurrently herewith, and any matters this Court may or must judicially notice.

Mr. Tzannes is a third-party to the underlying litigation, is not associated with any party to the litigation, and has no interest in the outcome of the case. Attending the deposition will impose an undue burden on Mr. Tzannes because it will take him away from a day of work for which he will lose substantial earnings. Mr. Tzannes requested that AT&T compensate him for lost earnings but AT&T refused. Accordingly, Mr. Tzannes respectfully requests, pursuant to Fed. R. Civ. P. 45(d)(1) and (3), that the Court quash the subpoena for deposition, or order AT&T to reimburse Mr. Tzanes for lost earnings in the amount of $3,600 and for his reasonable attorneys' fees incurred in bringing this motion.

- 1 -

| Case No. | NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
|---|---|

## I. INTRODUCTION

Marcos Tzannes, an individual and resident of Petaluma, California, hereby moves for an order (1) quashing a subpoena for deposition served by AT&T or (2), in the alternative, requiring AT&T to reimburse Mr. Tzannes for lost earnings associated with attending the deposition. Mr. Tzannes is a third-party to the underlying litigation, is not associated with any party to the litigation, and has no interest in the outcome of the case. Attending the deposition will impose an undue burden on Mr. Tzannes because it will take him away from a day of work for which he will lose substantial earnings. Mr. Tzannes requested that AT&T compensate him for lost earnings but AT&T refused. Accordingly, Mr. Tzannes respectfully requests that the Court quash the subpoena for deposition or order, pursuant to Fed. R. Civ. P 45(d)(1), AT&T to reimburse him for lost earnings in the amount of $3,600.

## II. BACKGROUND

The underlying case, *Intellectual Ventures II LLC v. AT&T Corp., et al.*, 1:13-cv-116-LY (W.D. Tex.), is a patent infringement lawsuit. Mr. Tzannes is a named inventor on several patents asserted in that case. Declaration of Marcos Tzannes ("Tzannes Decl."), ¶ 2. The inventions sprung from Mr. Tzannes work as an engineer for Aware, Inc., a Boston-area technology company, in approximately the 1995-2002 timeframe. *Id.*, ¶ 3. Mr. Tzannes has not worked for Aware since 2012. *Id.* Mr. Tzannes does not have any interest in the outcome of the underlying litigation. *Id.*, ¶ 4. He does not work for Intellectual Ventures in any capacity, nor does he own any interest in Intellectual Ventures, the asserted patents, or the outcome of that case. *Id.*

Mr. Tzannes's sole source of income is for his work as a consultant. *Id.*, ¶ 5. His clients rely on him for his significant expertise in telecommunications systems. He has a B.S. in Electrical Engineering from the University of Central Florida and an M.S. in Electrical Engineering from the University of California, Berkeley where he received a National Science Foundation Graduate Fellowship. *Id.*, ¶ 6. He has served as Chairman/Editor of twelve international standards ratified by the ITU (International Telecommunication Union), IEEE

- 1 -

Case No. _____ NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

(Institute of Electrical and Electronics Engineers), and ATIS (Alliance for Telecommunications Industry Solutions). *Id.* He is an inventor on hundreds of U.S. and foreign patents and applications. *Id.* Given his vast experience and substantial expertise, Mr. Tzannes has a standard hourly rate of $450. *Id.*, ¶ 5.

Mr. Tzannes's consulting workload is currently busy. *Id.*, ¶ 7. He performs the majority of his work from his home office. *Id.* He does not work for a company as other individuals might that would allow a paid personal day for attending a deposition. *Id.*, ¶ 8. Thus, taking a day to attend a deposition in San Francisco, with an hour commute on both ends of the day, will cost Mr. Tzannes at least eight hours or $3,600 in lost earnings. *Id.*

The AT&T parties are subsidiaries of AT&T, Inc., a massive international corporation worth more than $260,000,000,000. See Declaration of Peter J. McAndrews ("McAndrews Decl."), Ex. E (http://finance.yahoo.com/quote/T/key-statistics) (last accessed on July 19, 2016). They have hired a team of lawyers to represent them as accused infringers in the underlying action.

As part of its litigation strategy, AT&T sought discovery from Mr. Tzannes. On May 12, 2016, AT&T's counsel sent to Mr. Tzannes by email a document entitled AT&T's Notice of Subpoena to Marcos Tzannes. Tzannes Decl.., ¶ 9 and Ex. A. This document purported to attach as an exhibit a "subpoena to testify at a deposition and to produce documents." Tzannes Decl., Ex. A. at 1. But the exhibit was not a subpoena; rather, it comprised only requests for production of documents. *Id.* It did not include a return date for the documents or a date or location for the deposition. *Id.* And, notably, it did not include the federal subpoena form (e.g., AO 88A) advising of Mr. Tzannes's rights, nor did it include any payment for fees and mileage as required by Fed. R. Civ. P. 45(b)(1). See Tzannes Decl., ¶ 10 and Ex. A.

After being advised by Mr. Tzannes's attorney that the May 12, 2016 document was deficient, AT&T served a subpoena on May 18, 2016. McAndrews Decl., Ex. A. While a subpoena form was included (albeit, an outdated version of Form AO 88A), the required payment for fees and mileage was not included. *Id.* On June 8, 2016, Mr. Tzannes served

-2-

| Case No. | NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

objections on AT&T, including objections that the time and date of the deposition imposed an undue burden on Mr. Tzannes and an "undue expense because it does not provide for reimbursement of Mr. Tzannes's expenses incurred in responding to the subpoena and appearing for his deposition." *Id.*

The parties negotiated to identify a date for the deposition. *Id.*, ¶ 5 and Ex. C (email chain). During that process AT&T never addressed Mr. Tzannes's objections regarding the undue burden and expense place on him. *Id.*, Ex. C. Before a date was confirmed, Mr. Tzannes, through his attorney, requested that he be reimbursed for a day of lost earnings. *Id.* On July 15, 2016, AT&T ultimately confirmed that it wanted to proceed with the deposition on July 20, 2016 (*Id.*) and simultaneously served a second subpoena on Mr. Tzannes. *Id.*, Ex. D. Again, the required payment for fees and mileage was not included. AT&T also refused Mr. Tzannes request for reimbursement for a day of lost earnings. *Id.*, Ex. C.

Counsel for Mr. Tzannes and counsel for AT&T met and conferred by phone on July 18, 2016, but could not reach a compromise to resolve this dispute. McAndrews Decl., ¶ 7.

## III. ARGUMENT

Rule 45 of the Federal Rule of Civil Procedure provides significant protections to persons subject to a subpoena. Fed R. Civ. P. 45(d)(1) provides:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Thus, when a party imposes an undue burden or expense on a person subject to the subpoena, the court must impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees. *Id.* By refusing to reimburse Mr. Tzannes for lost earnings, AT&T's subpoena for deposition imposes an undue burden and expense.

Reimbursing Mr. Tzannes for a day of work that he will miss to attend the deposition is

- 3 -

Case No. _____ NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  reasonable and fair given that Mr. Tzannes has no financial interest in the underlying litigation
2  and AT&T is in a much better position to absorb this cost given its large size and financial might
3  when compared to Mr. Tzannes. Further, as a non-party to the underlying litigation, Mr.
4  Tzannes deserves special protection from a financial burden. See, e.g., *Kim v. NuVasive, Inc.*,
5  No. 11cv1370-DMS (NLS), 2011 U.S. Dist. LEXIS 96878, at *6 (S.D. Cal. Aug. 29, 2011)
6  (stating that the Ninth Circuit "does not favor unnecessarily burdening nonparties with discovery
7  requests," and, as a result, "[n]on-parties deserve extra protection from the courts.") (citing *High
8  Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)).

9  Accordingly, Mr. Tzannes respectfully requests, pursuant to Fed. R. Civ. P. 45(d)(1) and
10 (3), that the Court quash AT&T's subpoena for deposition, or in the alternative, order AT&T to
11 reimburse Mr. Tzannes for lost earnings in the amount of $3,600 and for his reasonable
12 attorneys' fees incurred in bringing this motion.

14 Dated: July 19, 2016                SHARTSIS FRIESE LLP

                                        By: /s/ Joseph V. Mauch (cp)
                                            JOSEPH V. MAUCH

                                        Local Counsel for Marcos Tzannes

09000\001\7785600.v1

- 4 -
Case No. _____  NON-PARTY MARCOS TZANNES'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598